NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1274
_____

BRUCE FRYMOYER,

Appellant

v.

EAST PENN MANUFACTURING COMPANY, INC.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-16-cv-05035)
District Judge:  Hon. Joseph F. Leeson, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2018

Before:  CHAGARES, JORDAN and VANASKIE, *Circuit Judges*

(Filed: December 11, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Bruce Frymoyer appeals the District Court's grant of summary judgment for East Penn Manufacturing Company, Inc. ("East Penn") on his claim for wrongful termination under Pennsylvania law and his claim for discrimination under the federal Rehabilitation Act, 29 U.S.C. § 701 *et seq.* For the reasons that follow, we will affirm.

## I.    BACKGROUND

Frymoyer worked at East Penn as a maintenance mechanic. In May 2012, he injured his left knee at work. He had surgery that month to address the injury and took a leave of approximately six to eight weeks. When he made a claim for workers' compensation, East Penn approved and assisted him in the process.

More than a year passed without issue. Then, in November 2013, Frymoyer started experiencing pain again in his left knee. He again sought workers' compensation, but this time East Penn denied his claim. As a result, Frymoyer hired counsel to pursue it.

In May 2014, he had a second surgery on the same knee and, due to the recovery period, did not return to work until the following August. East Penn says that Frymoyer was restored to his original position with the same pay and benefits upon his return. Frymoyer argues that, "[a]lthough [he] was restored to his position with no pay reduction, he was disciplined for the time off due to the on-the-job injury and second surgery." (App. at 86.) Frymoyer's counsel and East Penn's workers' compensation counsel eventually agreed that they could not settle the case, as East Penn wanted Frymoyer to resign.

2

Two weeks after he returned to work, Tony DiBenedetto, a personnel director at East Penn, disciplined Frymoyer for his absences. At the disciplinary meeting, DiBenedetto "tr[ied] to explain" to Frymoyer the company's policy on absences and illness days. (App. at 209.)

More than four months later, in January 2015, Alison Snyder, another personnel director, heard that Frymoyer had thrown an object that hit and damaged a company laptop. When she asked Frymoyer about the incident, he denied it. Snyder suspended Frymoyer pending an investigation. Frymoyer's lawyer immediately sent Snyder an email, warning her against terminating Frymoyer in retaliation for his workers' compensation claim.

In the course of the investigation concerning the damaged laptop, one of Frymoyer's co-workers submitted a signed statement that he had witnessed Frymoyer throw an object at the laptop. Although two other nearby co-workers did not see what happened, Snyder found credible the statement of the one who did, and, on the basis of that statement, fired Frymoyer. Both Snyder and DiBenedetto signed the Termination Notice.

Frymoyer then brought this suit against East Penn, alleging that his firing violated both Pennsylvania law on wrongful termination and the federal Rehabilitation Act. East Penn moved for summary judgment. The District Court concluded that no reasonable jury could find the required causal link between Frymoyer's termination and either his injury or his claims for workers' compensation, and, consequently, it granted summary

3

judgment for East Penn.  After failing to persuade the District Court to reconsider its summary judgment decision, Frymoyer filed this appeal.

## II. DISCUSSION[1]

### A. The District Court Did Not Base Its Decision on an Issue Raised Sua Sponte.

Frymoyer argues that the District Court improperly based its grant of summary judgment on a ground not raised by either party.  Specifically, he says that East Penn did not argue there was no causal link between his firing and either his disability or his workers' compensation claim.  According to Frymoyer, East Penn only argued that its purported decisionmaker, Snyder, was unaware of both Frymoyer's impairment and his workers' compensation case.

It is true that East Penn's argument in the District Court was not captured in a standalone section of a brief labeled "causal link."   The briefing does, however, plainly state that the "Plaintiff cannot establish a causal connection … which is a required element … of wrongful termination[.]" (App. at 274.)  Further, "East Penn … dispute[d] that any evidence exist[ed] for a trier of fact to reasonably conclude [there was] a causal

---

[1]  As to the claim under the Rehabilitation Act, the District Court had jurisdiction under 28 U.S.C. § 1331.  The District Court had jurisdiction over the wrongful termination claim under 28 U.S.C. § 1367(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291.

"Our review of the District Court's grant of summary judgment is plenary." *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 151 (3d Cir. 2017).  A moving party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All inferences must be drawn in favor of the nonmoving party.  *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 286 (3d Cir. 2009).

4

connection between the adverse action and the protected activity." (App. at 278.) East Penn thus raised the lack of a causal link with respect to both the federal and state law claims.

Moreover, Federal Rule of Civil Procedure 56(f) permits a court to grant summary judgment on grounds not raised, as long as the parties are given notice and a reasonable opportunity to respond. Fed. R. Civ. P. 56(f); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (In certain limited circumstances granting summary judgment based on grounds not raised is permissible "so long as the losing party was on notice that [it] had to come forward with all of [its] evidence."). We agree with the District Court that it is "hard to believe that Frymoyer could not have realized that the key issue underlying East Penn's motion was the existence of the causal link[,]" (App. at 20,) as a causal link is a required element for both wrongful discharge under Pennsylvania law and discrimination under the Rehabilitation Act.[2] Frymoyer was already on notice that he must establish a causal link as part of his prima facie case to survive summary judgment and that

---

[2] The prima facie case for wrongful termination under Pennsylvania law requires "a causal connection between the employee's protected activity and the employer's adverse action." *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 187 (3d Cir. 2003); *see Christman v. Cigas Machine Shop, Inc.*, 293 F. Supp. 2d 538, 543 (E.D. Pa. 2003) ("The Pennsylvania Supreme Court has not yet set forth the elements of a prima facie case of retaliatory discharge, so courts in this district borrow the analytical structure used in Title VII retaliation claims.").

The Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, are "interpreted consistently" and share "the same standard for determination of liability." *McNelis v. Penn. Power & Light Co.*, 867 F.3d 411, 414 (3d Cir. 2017). The prima facie case for discrimination under the Rehabilitation Act thus requires the plaintiff to establish that he "suffered an adverse employment action because of that disability." *Id.*

5

causation was disputed. Accordingly, he was not denied the opportunity to argue or proffer evidence on the issue.

In sum, the issue of causation was raised in East Penn's motion for summary judgment, and Frymoyer was on notice and had ample opportunity to argue and present evidence pertaining to any supposed causal link. Therefore, the District Court did not err in considering whether Frymoyer had provided the requisite evidence of causation.

## B. Frymoyer Failed to Raise a Fact Question About Causation.

Turning to the merits, we begin by noting that the Rehabilitation Act "forbids employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). And Pennsylvania law prohibits employers from terminating an employee "for filing a workers' compensation claim." *Shick v. Shirey*, 716 A.2d 1231, 1237 (Pa. 1998).

The familiar *McDonnell Douglas* framework applies to Frymoyer's claims under both the Rehabilitation Act and Pennsylvania law. *See Wishkin*, 476 F.3d at 185 (recognizing that the "framework established in *McDonnell Douglas* … for Title VII cases is equally applicable to discrimination claims under the Rehabilitation Act."); *Christman v. Cigas Machine Shop, Inc.*, 293 F. Supp. 2d 538, 543 (E.D. Pa. 2003) (applying the analytical structure used in Title VII retaliation claims to wrongful termination under Pennsylvania state law). Under that framework, Frymoyer must make a prima facie showing of discrimination or wrongful termination. The burden of production then shifts to East Penn to proffer a legitimate reason for the termination. The burden then shifts back to Frymoyer to show that East Penn's explanation is pre-textual.

6

Specifically, he must offer sufficient evidence for a juror to find East Penn's proffered "reason was a fabrication ... or ... to infer that discrimination [or retaliation for filing a workers' compensation claim] was more likely than not a motivating or determinative cause of the adverse employment action." *Wishkin*, 476 F.3d at 185 (citation omitted).

Frymoyer argues that the District Court erred because he established a causal link between his termination and both his disability (under the Rehabilitation Act) and his workers' compensation claims (under Pennsylvania law). First, he argues that the District Court applied too high a standard and disregarded the "low bar for establishing a prima facie case of employment discrimination" because he offered sufficient evidence of temporal proximity to trigger an inference of causation. (Opening Br. at 17.) Second, he contends that he has proffered sufficient evidence for a jury to find East Penn's explanation for his termination to be pre-textual. Third, he argues that there are facts in dispute that are particularly material and prevent summary judgment. His arguments, however, are ineffectual.

First, a*ssuming arguendo* that Frymoyer is correct that he established a prima facie case of both discrimination under the Rehabilitation Act and wrongful termination under Pennsylvania law, he has not proffered sufficient evidence to rebut East Penn's legitimate reason for his termination. To do so, he had to bring forth evidence that East Penn did not have an honest belief that he engaged in misconduct justifying termination. *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 152 (3d Cir. 2017). Specifically, he had to demonstrate that East Penn's explanation was dishonest due to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions from which a

7

reasonable juror could conclude that the Defendants' explanation is unworthy of credence, and hence infer that the employer did not act for the asserted [legitimate] reasons." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 262 (3d Cir. 2017) (citation and quotation marks omitted). Frymoyer argues that "there is a genuine factual dispute as to whether [he] committed the offense for which he was allegedly fired[]" (Opening Br. at 20), but that is not the issue. The issue is whether East Penn believed he committed the offense, not whether he in fact did so.

There is no evidence in the record showing that East Penn did not believe that Frymoyer committed the alleged misconduct. East Penn justified Frymoyer's termination based on the written statement of his co-worker identifying him as the employee who wantonly damaged the laptop. Frymoyer points to statements by two other co-workers that he claims "cause doubt as to the sincerity of East Penn's posited reason for the firing." (Opening Br. at 21.) Those witnesses state that they were in the area when the vandalism occurred but "did not see anything happen."[3] (App. at 238, 200.) But the one co-worker's positive identification of Frymoyer as the wrongdoer is not refuted by two others in the area who say they saw nothing. Importantly, the latter two do not say that they were aware of what Frymoyer was doing or that they could say he did not throw anything at the laptop. They simply deny having seen what happened. Given the signed statement by the co-worker who did see what happened and the lack of any contrary

---

[3] The two witness statements were given at different times. East Penn obtained the first declaration in the midst of its investigation. The other witness's statement came in Frymoyer's unemployment compensation hearing.

evidence, Frymoyer has failed to raise an adequate rebuttal to East Penn's legitimate reason for termination. [4]

Frymoyer's final argument is that two disputed questions of material fact prevent summary judgment. The first question is whether Snyder was aware of Frymoyer's workers' compensation claims. The second is whether there was an additional decision-maker, DiBenedetto, who was aware of Frymoyer's injury and his workers' compensation claims. Both questions relate directly to a decision-maker's awareness of his disability and his workers' compensation claims, which, even if true, is not itself a legally sufficient basis for liability. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996) ("The mere fact that an employer is aware of an employee's impairment [or claim for workers' compensation] is insufficient to demonstrate … that that [knowledge] caused the adverse employment action."). More to the point, though, those questions are irrelevant. Even if both decision-makers were aware of his disability and his workers' compensation claims, that does not speak to, or otherwise undermine, East Penn's legitimate reason for firing Frymoyer.

In short, East Penn offered a legitimate explanation for the termination and Frymoyer has failed to produce sufficient evidence to raise a factual question regarding

---

[4] Moreover, the timing of his termination is not suspicious. For example, Frymoyer's brief focuses on the email his lawyer sent to East Penn warning against retaliatory termination, but that email was sent *after* his suspension, evidencing an attempt to save his job, not discrimination.

whether the reason was pre-textual. Summary judgment based on the lack of a causal link was thus appropriate.[5]

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.

---

[5] Because we affirm on other grounds, we need not address East Penn's argument as to whether Frymoyer was a qualified individual with a disability under the Rehabilitation Act.